# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL ELMER BOATRIGHT, | ) | Case No. 06-30510 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DELORES IRENE BOATRIGHT, | ) | |
| Personal Representative of the Estate | ) | |
| of Robert Charles Boatright, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 07-03008 |
| | ) | |
| MICHAEL ELMER BOATRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On April 21, 2001, Plaintiff Delores Irene Boatright obtained a judgment ("Judgment") in the Circuit Court of Newton County, Missouri, Probate Division, against Defendant Michael E. Boatright for the "willful and wanton conversion of proceeds from the sale of the deceased's residence." The Plaintiff now seeks a determination that the judgment debt is nondischargeable under 11 U.S.C. § 523(a)(4) and (6). Moving for summary judgment in this adversary proceeding, the Plaintiff contends that the undisputed facts entitle her to judgment as a matter of law. Alternatively, she argues that the findings in the Judgment are sufficient to support a determination of nondischargeability under § 523(a)(6) by application of the doctrine of collateral estoppel.

For the reasons set forth below, the Court finds that the Defendant is collaterally estopped from challenging the findings contained in the Judgment and that those findings support a determination that the judgment debt is nondischargeable under § 523(a)(6). In light of this determination, the Court does not need to rule on the Plaintiff's § 523(a)(4) claim or determine whether the facts alleged are disputed (and it appears that they are) or support a judgment as a matter of law.

## STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] When a summary judgment motion relies on the application of collateral estoppel to a previously adjudicated issue, the standard of review is limited to a review of the factors necessary for the application of collateral estoppel.

## BACKGROUND

For purposes of ruling on the Plaintiff's motion for summary judgment, the factual background is limited to the findings contained in the Judgment.

On April 24, 2001, the Circuit Court of Newton County, Missouri, Probate Division, received evidence pertaining to a Petition for Discovery of Assets filed by the Plaintiff as Personal Representative of the Estate of Robert Charles Boatright. On May 2, 2001, the Circuit Court entered a judgment against the Defendant for the "willful and wanton conversion of proceeds from the sale of the deceased's residence in the sum of … $56,288.50."

## DISCUSSION

Under Missouri law, collateral estoppel is appropriate where four elements are met: (1) the issue decided in the prior adjudication is identical to the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or was in privity with a party in the prior adjudication; (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

In this case, only the first element is contested, and the Court finds that the three remaining elements are satisfied.

To satisfy the first element, the issue decided in the Judgment, *i.e.*, that the Defendant committed a "willful and wanton conversion of proceeds," must be identical to the issue of whether the debt arising from that conversion constitutes a "willful and malicious injury" under § 523(a)(6). This analysis requires more than a simple comparison of terms, though, because the

---

[1] Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

2

terms "willful" and "malicious" as they are used in § 523(a)(6) are not necessarily identical to those of their state-law counterparts.[2] In § 523(a)(6), "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional,[3] and "malicious" means that the injury is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm to the creditor."[4] In contrast, Missouri law defines a "willful" act as an intentional wrongdoing, and a "wanton" act is a wrongful act done on purpose or in malicious disregard of the rights of others.[5]

With regard to debts arising from conversions of property, the Eighth Circuit Court of Appeals has held that a bald finding of conversion is insufficient to establish a determination of nondischargeability under § 523(a)(6);[6] rather, the conversion must be marked by a "heightened level of culpability…going beyond recklessness, and beyond the intentional violation of a security interest."[7] In this case, the Court finds that the Judgment's qualification of the Debtor's conversion as "wanton" establishes this heightened sense of culpability. A comparison of the facts in *In re Long* and this case reinforces this conclusion.

In *Long*, the president of the debtor-company committed a "technical" conversion by selling a secured creditor's collateral without permission and without turning the proceeds over to the creditor. The Court of Appeals concluded that the injury caused by the conversion was not sufficiently targeted at the creditor for purposes of § 523(a)(6) because the president used the funds with the intended purpose of "saving the business and preventing losses to all creditors."[8] In contrast, even the sparse facts here preclude the possibility that the Debtor's "wanton" conversion of (probate) estate property was committed with the intention of somehow benefiting the Plaintiff. The *Long* court noted that the likelihood of harm in an objective sense may be considered when analyzing whether a "willful and malicious injury" exists to support a finding under § 523(a)(6). And in this case, objectively speaking, there is no way by which Defendant

---

[2] *See In re Adams*, 349 B.R. 199, 203-04 (Bankr. W.D. Mo. 2006).
[3] *Id.*
[4] *Id.*
[5] *Voss v. America Mutual Liability Insurance Co.,* 341 S.W.2d 270, 279 (Mo. Ct. App. 1960).
[6] *In re Long*, 774 F.2d 875, 879-82 (8th Cir. 1982).
[7] *Id.* at 881.
[8] *Id.* at 882.

could have converted the funds without the certainty that the conversion would deprive the Plaintiff of probate estate property and thus financially harm the Plaintiff.[9]

The Court's ruling here is consistent with its previous ruling in *In re Adams*, even though the state court judgment at issue in *Adams* also contained a finding that the Debtor acted "willfully, wantonly, and maliciously."[10] The difference between *Adams* and this case is that the state court judgment at issue in *Adams* stated only that the debtor's "conduct" was willful, wanton, and malicious, and the conduct in that case – the sale of liquor to an obviously intoxicated bar patron who later injured the judgment creditors-to-be in an automobile accident – was not targeted at, nor certain to injure, a particular person so as to support a determination of nondischargeability under § 523(a)(6).[11] In contrast, the Judgment in this case specifically identifies the conduct giving rise to the injury – conversion – which by definition, is more narrowly targeted at a particular creditor, namely, the owner of the property converted. Combined with the Judgment's finding that the conversion was wanton, the certainty that financial harm will occur to the owner of the property converted is high enough to satisfy the "willful and malicious" standard in § 523(a)(6).

## CONCLUSION

For the reasons set forth above, the Court finds that the debt owed to the Plaintiff by the Defendant arising from the Judgment is nondischargeable under 11 U.S.C. § 523(a)(6). A separate order consistent with this Memorandum Opinion shall be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 3rd day of August 2007.

/s/   Jerry W. Venters
United States Bankruptcy Judge

Copy of the foregoing mailed electronically or conventionally to:
W. Henry Johnson
Norman E. Rouse

---

[9] The Defendant claims that he transferred the money from the decedent's account in order to protect it from Delores Boatright and that he subsequently used the money for the benefit of the decedent's children pursuant to the decedent's alleged wishes. However, this statement reinforces, not undermines, the Court's conclusion that the Defendant intended to deprive the Plaintiff of the funds, notwithstanding the contention that his motives were benevolent with regard to the decedent's children.

[10] *Adams*, 349 B.R. at 201-03.

[11] *Id.* at 203.